MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

FORTINO BELMONTH, *individually and on behalf of others similarly situated,*

        *Plaintiff,*

    -against-

LUCKY DOLLAR 207 INC. (d/b/a 99 CENT GRANT) and LAL SINGH LOLA A.K.A. LALI,

        *Defendants.*

---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Fortino Belmonth ("Plaintiff Belmonth" or "Mr. Belmonth"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of defendants Lucky Dollar 207 Inc. (d/b/a 99 Cent Grant) ("Defendant Corporation") and Lal Singh Lola a.k.a. Lali ("individual defendant") (collectively, "Defendants"), alleges as follows:

### NATURE OF ACTION

1. Plaintiff Belmonth is a former employee of Defendants Lucky Dollar 207 Inc. (d/b/a 99 cent Grant) and Lal Singh Lola a.k.a. Lali.

2. 99 Cent Grant is a discount store owned by Lal Singh Lola a.k.a. Lali located at 233 E. 167th St., Bronx, NY 10456.

3. Upon information and belief, Defendant Lal Singh Lola a.k.a. Lali serves or served as owner, manager, principal or agent of Defendant Corporation and through this corporate entity operates the discount store.

4. Plaintiff Belmonth is a former employee of Defendants.

5. Plaintiff Belmonth was employed as a stocker at the discount store located at 233 E. 167th St., Bronx, NY 10456.

6. At all times relevant to this Complaint, Plaintiff Belmonth worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime and spread of hours compensation for the hours over 40 per week that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay him appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiff Belmonth the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Defendants' conduct extended beyond Plaintiff Belmonth to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Belmonth and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiff Belmonth now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law

("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorney's fees and costs.

12. Plaintiff Belmonth seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Belmonth's state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Belmonth was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Fortino Belmonth ("Plaintiff Belmonth" or "Mr. Belmonth") is an adult individual residing in Richmond County, New York.

16. Plaintiff Belmonth was employed by Defendants from approximately July 2018 until on or about July 2021.

3

17. Plaintiff Belmonth consents to being a party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all times relevant to this complaint, Defendants owned, operated, and/or controlled a discount store, located at 233 E. 167th St., Bronx, NY 10456 under the name "99 cent Grant".

19. Upon information and belief, Lucky Dollar 207 Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 233 E. 167th St., Bronx, NY 10456.

20. Defendant Lal Singh Lola a.k.a. Lali is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Lal Singh Lola a.k.a. Lali is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

21. Defendant Lal Singh Lola a.k.a. Lali possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

22. Defendant Lal Singh Lola a.k.a. Lali determined the wages and compensation of the employees of Defendants, including Plaintiff Belmonth, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

23. Defendants operate a discount store located in the Morrisania section of the Bronx in New York City.

24. Individual Defendant Lal Singh Lola a.k.a. Lali possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Belmonth's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Belmonth, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Belmonth, and all similarly situated individuals, and are Plaintiff Belmonth's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Belmonth and/or similarly situated individuals.

29. Upon information and belief, individual defendant Lal Singh Lola a.k.a. Lali operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for his own benefit as the sole or majority shareholder;

(e) operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of his own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

31. Defendants had the power to hire and fire Plaintiff Belmonth, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Belmonth's services.

32. In each year from 2018 to 2021, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the discount store on a daily basis, such as kitchenware, were produced outside of the State of New York.

*Individual Plaintiff*

34. Plaintiff Belmonth is a former employee of Defendants, employed in performing the duties of a stocker.

35. Plaintiff Belmonth seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Fortino Belmonth*

42. Plaintiff Belmonth was employed by Defendants from approximately July 2018 until on or about July 2021.

43. At all relevant times, Plaintiff Belmonth was employed by Defendants as a stocker.

44. Plaintiff Belmonth regularly handled goods in interstate commerce, such as school supplies, kitchenware, party goods and other items produced outside of the State of New York.

45. Plaintiff Belmonth's work duties required neither discretion nor independent judgment.

46. Throughout his employment with Defendants, Plaintiff Belmonth regularly worked in excess of 40 hours per week.

47. From approximately July 2018 until on or about July 2021, Plaintiff Belmonth worked from approximately 9:30 a.m. until on or about 8:30 p.m. Tuesdays through Sundays (typically 66 hours per week)

48. Throughout his employment with Defendants, Plaintiff Belmonth was paid his wages in cash.

49. From approximately July 2018 until on or about December 2019, Defendants paid Plaintiff Belmonth a fixed salary of $700 per week.

50. From approximately January 2020 until on or about July 2021, Defendants paid Plaintiff Belmonth a fixed salary of $750 per week.

51. Plaintiff Belmonth's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

52. For example, Defendants required Plaintiff Belmonth to work one hour past his scheduled departure time on high sale holidays, and did not pay him for the additional time he worked.

53. Plaintiff Belmonth was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

54. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Belmonth regarding overtime and wages under the FLSA and NYLL.

55. Defendants did not provide Plaintiff Belmonth with a statement of wages with each payment of wages, as required by NYLL 195(3).

56. Defendants did not provide Plaintiff Belmonth with a written notice, in English and in Spanish (Plaintiff Belmonth's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

57. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Belmonth (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage, spread of hours pay and overtime compensation, as required by federal and state laws.

58. Plaintiff Belmonth was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

59. Defendants' pay practices resulted in Plaintiff Belmonth not receiving payment for all his hours worked, and resulted in Plaintiff Camargo's effective rate of pay falling below the required minimum wage rate.

60. Defendants habitually required Plaintiff Belmonth to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

61. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

62. Defendants paid Plaintiff Belmonth his wages entirely in cash.

63. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

64. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Belmonth (and similarly situated individuals) worked, and to avoid paying Plaintiff Belmonth properly (1) his hours worked; (2) minimum wage rate; (3) spread of hours pay; and, (4) for overtime due.

65. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

66. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Camargo and other similarly situated former workers.

67. Defendants failed to provide Plaintiff Belmonth and other employees with accurate wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

68. Defendants failed to provide Plaintiff Belmonth and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as"

names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

69.     Plaintiff Belmonth brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

70.     At all relevant times, Plaintiff Belmonth and other members of the FLSA Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage rate, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA..

71.     The claims of Plaintiff Belmonth stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

72.     Plaintiff Belmonth repeats and realleges all paragraphs above as though fully set forth herein.

73.     At all times relevant to this action, Defendants were Plaintiff Belmonth's employers (and employers of the putative FLSA Class members) within the meaning of the Fair

11

Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Belmonth (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

74. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

75. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

76. Defendants failed to pay Plaintiff Belmonth (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

77. Defendants' failure to pay Plaintiff Belmonth (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

78. Plaintiff Belmonth (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA OVERTIME PROVISIONS

79. Plaintiff Belmonth repeats and realleges all paragraphs above as though fully set forth herein.

80. At all times relevant to this action, Defendants were Plaintiff Belmonth's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Belmonth (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

81. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

82. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

83. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Belmonth (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

84. Defendants' failure to pay Plaintiff Belmonth (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

85. Plaintiff Belmonth (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

86. Plaintiff Belmonth repeats and realleges all paragraphs above as though fully set forth herein.

87. At all times relevant to this action, Defendants were Plaintiff Belmonth's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Belmonth (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

88. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Belmonth (and the FLSA Class members) less than the minimum wage.

89. Defendants' failure to pay Plaintiff Belmonth (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

90. Plaintiff Belmonth (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NEW YORK STATE

## LABOR LAW'S OVERTIME PROVISIONS

91. Plaintiff Belmonth repeats and realleges all paragraphs above as though fully set forth herein.

92. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Belmonth (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

93. Defendants failed to pay Plaintiff Belmonth (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

94. Defendants' failure to pay Plaintiff Belmonth (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

95. Plaintiff Belmonth (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

96. Plaintiff Belmonth repeats and re-alleges all paragraphs above as though fully set forth herein.

97. Defendants failed to pay Plaintiff Belmonth (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Belmonth's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

98. Defendants' failure to pay Plaintiff Belmonth (and the FLSA Class members) an additional hour's pay for each day Plaintiff Belmonth's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

99. Plaintiff Belmonth (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

100. Plaintiff Belmonth repeats and realleges all paragraphs above as though fully set forth herein.

101. Defendants failed to provide Plaintiff Belmonth with a written notice, in English and in Spanish (Plaintiff Belmonth's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

102. Defendants are liable to Plaintiff Belmonth in the amount of $5,000, together with

costs and attorney's fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

103. Plaintiff Belmonth repeats and realleges all paragraphs above as though set forth fully herein.

104. Defendants did not provide Plaintiff Belmonth with a statement of wages with each payment of wages, as required by NYLL 195(3).

105. Defendants are liable to Plaintiff Belmonth in the amount of $5,000, together with costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Belmonth respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Belmonth and the FLSA class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Belmonth and the FLSA class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Belmonth', and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Belmonth and the FLSA class members;

(f) Awarding Plaintiff Belmonth and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g) Awarding Plaintiff Belmonth and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Belmonth and the members of the FLSA Class;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Belmonth and the members of the FLSA Class;

(j) Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Belmonth', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(k) Declaring that Defendants violated the Spread of Hours Wage Order of the New

17

York Commission of Labor as to Plaintiff Belmonth and the members of the FLSA Class;

(l) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Belmonth and the FLSA Class members;

(m) Awarding Plaintiff Belmonth and the FLSA class members damages for the amount of unpaid minimum and overtime wages as well as spread of hours pay under the NYLL as applicable;

(n) Awarding Plaintiff Belmonth damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff Belmonth and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(p) Awarding Plaintiff Belmonth and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(q) Awarding Plaintiff Belmonth and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r) Awarding Plaintiff Belmonth and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(s) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Belmonth demands a trial by jury on all issues triable by a jury

Dated: New York, New York
November 1, 2021

        MICHAEL FAILLACE & ASSOCIATES, P.C.

        /s/ Michael Faillace
By:   Michael A. Faillace [MF-8436]
     60 East 42nd Street, Suite 4510
     New York, New York 10165
     (212) 317-1200
     *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 29, 2021

BY ELECTRONIC SIGNATURE

TO:　Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:　　　　　　　　　　Fortino Esteban Belmonth Martinez

Legal Representative / Abogado:　　Michael Faillace & Associates, P.C.

Signature / Firma:　　　　　　　　　*[signature]*

Date / Fecha:　　　　　　　　　　　29 Septiembre, 2021

*Certified as a minority-owned business in the State of New York*